O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE EDWARD LESTER,<br><br>　　　　　Petitioner,<br>　　v.<br><br>MAURICE JUNIOUNS, Warden,<br><br>　　　　　Respondent. | Case No. CV 11-7247-MWF (OP)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections thereto. The Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which Petitioner has objected. The Court accepts the findings and recommendations of the Magistrate Judge.

　　　　The Court notes that Petitioner's objections with respect to the asserted violation of the Sixth Amendment right to counsel is arguably meritorious. Petitioner's right to counsel had attached as to the Deng burglary, and Petitioner's statements related to the Rivera burglary. However, these (Rivera burglary-related) statements were introduced at trial on the Deng burglary, again as to which Petitioner's Sixth Amendment right had attached. On similar facts, the California Supreme Court in *In re Wilson*, 3 Cal. 4th 945, 13 Cal. Rptr. 2d 269 (1992), granted

1  a petition for writ of habeas corpus and vacated the judgment against the defendant.
2  *Id.* at 958 (granting relief on the basis of ineffective assistance of counsel); *see id.* at
3  951 ("Incriminating statements obtained in circumvention of a defendant's right to
4  counsel with respect to a charged offense . . . are inadmissible at the trial *of that*
5  *charged offense* even if they pertain to a new and uncharged crime." (emphasis in
6  original)).

7       The *Wilson* court interpreted the United States Supreme Court decision of
8  *Maine v. Moulton*, 474 U.S. 159, 106 S. Ct. 477, 88 L. Ed. 2d 481 (1985), as holding
9  that "government agents may elicit incriminating statements from a defendant
10 concerning suspected crimes other than pending charges, but that such statements are
11 *not* admissible against the defendant at the trial of the *pending* charges, because, at
12 the time such evidence was elicited, the defendant was entitled to the assistance of
13 counsel with respect to those charges." *Wilson*, 3 Cal. 4th at 954 (emphasis in
14 original). The *Wilson* court added: "In the present case, petitioner's remarks,
15 although they do not refer directly to the charged offenses . . . , were highly
16 incriminating as to the pending charges and were elicited in direct violation of
17 petitioner's right to counsel with respect to those charges. Therefore, evidence
18 relating these remarks was inadmissible at the trial of the pending charges." *Id.*

19      Nevertheless, it is not necessary for this Court to determine whether a Sixth
20 Amendment violation actually occurred, or whether the decision of the Court of
21 Appeal would be in contravention of *Maine v. Moulton* as controlling Supreme Court
22 precedent. Even if Petitioner's statements were perhaps admitted in error, that error
23 was harmless. The magistrate judge applied the correct standard for harmless error
24 and catalogued the extensive evidence that makes Petitioner's guilt beyond dispute,
25 even in the absence of the challenged statements.

26

27

28

IT IS ORDERED that Judgment be entered: (1) accepting this Report and Recommendation; and (2) directing that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: September 25, 2012.

_____
MICHAEL W. FITZGERALD
United States District Judge